**L. D. PUTNAM and Edison Ward, Appellants,**

v.

**UNITED STATES of America, Appellee.**

No. 15750.

United States Court of Appeals Eighth Circuit.

Oct. 14, 1957.

lands in Bennett County, South Dakota, together with the records thereof in the office of the Register of Deeds of that County. The claim of the Government was, in effect, that the lands in suit were Indian allotments within the Pine Ridge Indian Reservation in South Dakota and were held in trust by the Government for Indian allottees and their heirs, and that the defendants (appellants) had induced the owners of the beneficial interests in the lands to execute deeds and leases which were invalid. The defendants denied that the deeds and leases in suit were invalid. The issues were tried to the court upon facts which were virtually undisputed and largely stipulated.

The court determined that the United States is the holder of the legal title to the lands in Bennett County, South Dakota, described in the deeds and leases in suit; that the lands were allotted to various Indians; that trust patents to the lands were issued to the allottees under the Act of March 2, 1889, 25 Stat. 888, for a trust period of twenty-five years; that the original allottees are dead and the present beneficial owners are their heirs; that the deeds in suit were procured by the defendants directly from the grantors; that none of the deeds resulted from a supervised sale held in the manner prescribed by the regulations relating to the sale of Indian trust lands; that the deeds were not approved by the Secretary of the Interior or his duly authorized representative; that the trust patents as to certain of the lands in suit were dated December 10, 1908, and the trust patents as to the rest of the lands were dated April 28, 1913; that Bennett County is within the Pine Ridge Indian Reservation created by the Act of Congress of March 2, 1889, 25 Stat. 888; that by an Act of Congress of May 27, 1910, 36 Stat. 440, the unallotted and unreserved lands in Pine Ridge Indian Reservation in Bennett County were opened to settlement by non-Indians; that the trust period on allotted lands in the Pine Ridge Indian Reservation was in 1931 extended for an additional ten-year period by Presiden-

---

John C. Farrar, Rapid City, S. D. (Gunderson, Farrar & Carrell, Rapid City, S. D., were with him on the brief), for appellants.

A. Donald Mileur, Atty. Dept. of Justice, Washington, D. C. (Perry W. Morton, Asst. Atty. Gen., Clinton G. Richards, U. S. Atty., Lyle E. Cheever, Asst. U. S. Atty., Sioux Falls, S. D., and Roger P. Marquis and Fred W. Smith, Attys., Dept. of Justice, Washington, D. C., were with him on the brief), for appellee.

Before SANBORN, WOODROUGH and VAN OOSTERHOUT, Circuit Judges.

SANBORN, Circuit Judge.

This action was brought by the United States to procure the cancellation of certain deeds and leases of Indian trust

tial Proclamation; that the "Wheeler-Howard Act" of June 18, 1934, 48 Stat. 984, 986, 25 U.S.C.A. § 461–479, extended indefinitely the trust period on any Indian lands within the geographic boundaries of any Indian Reservation; that the leases in suit were not approved by the Superintendent of the Pine Ridge Indian Reservation; that the lands in suit are within the geographic boundaries of the Reservation; that the trust period with respect to the lands was in full force at the time the deeds and leases were executed; that the lands could not be sold or leased except as provided by law; that the deeds and leases in suit were unlawfully procured and were void; and that the United States was entitled to judgment cancelling the deeds and leases and removing them from the records of the Register of Deeds of Bennett County, South Dakota. Judgment was entered accordingly, and this appeal followed.

The defendants assert that the court erred in deciding (1) that the lands in suit are within the geographic boundaries of the Pine Ridge Indian Reservation, and (2) that at the time of the issuance of the deeds and leases in suit the trust period with respect to the lands was in full force and effect.

It is clear that if, as the District Court determined, these Indian trust lands were within the boundaries of the Pine Ridge Indian Reservation, the trust period with respect to them had not expired, since the Act of June 18, 1934, 25 U.S.C.A. § 462 (the Wheeler-Howard Act), provided:

"The existing periods of trust placed upon any Indian lands and any restriction on alienation thereof are hereby extended and continued until otherwise directed by Congress."

Section 468 of Title 25 U.S.C.A., however, provided:

"Nothing contained in sections * * * 462 * * * of this title shall be construed to relate to Indian holdings of allotments or homesteads upon the public domain outside of the geographic boundaries of any Indian reservation now existing or established hereafter."

The defendants argue that the Indian trust allotments in suit are, within the meaning of § 468, "upon the public domain outside of the geographic boundaries" of the Pine Ridge Indian Reservation by virtue of the Act of May 27, 1910, 36 Stat. 440, entitled, "An Act To authorize the sale and disposition of the surplus and unallotted lands in Bennett County, in the Pine Ridge Indian Reservation, in the State of South Dakota, and making appropriation to carry the same into effect." That Act provided

"That the Secretary of the Interior be, and he is hereby, authorized and directed * * * to sell and dispose of all that portion of the Pine Ridge Indian Reservation, in the State of South Dakota, lying and being in Bennett County and described as follows: * * * except such portions thereof as have been or may be hereafter allotted to Indians or otherwise reserved, and except lands classified as timber lands: *Provided,* That any Indians to whom allotments have been made on the tract to be ceded may, in case they elect to do so before said lands are offered for sale, relinquish same and select allotments in lieu thereof on the diminished reservation: * * *."

The defendants contend that by this Act Congress diminished the Pine Ridge Indian Reservation, contracted its geographic boundaries, and left the Indian allotments in suit, which are within the portion of the reservation opened to settlement, "upon the public domain outside of the geographic boundaries" of the Pine Ridge Indian Reservation. Therefore, they insist that § 462 of 25 U.S.C.A. is inapplicable to the lands in suit and that the trust period with respect to these lands had ended.

In overruling this contention of the defendants, the District Court said:

"\* \* \* It seems apparent to us that Congress only intended to open for settlement by non-Indians those lands lying within the area described in the Act, which is conceded to be what is now Bennett County, which had not at that time or might [not] thereafter be allotted to Indians or otherwise reserved. The Act so states in specific language. The effect of this Act was not to change or alter the geographic boundaries of the Pine Ridge Indian Reservation except that the area of the reservation would be diminished in size by reason of the settlement of the unallotted lands by non-Indians. The allotted lands situated in Bennett County held by the United States in trust for Indian people have always been and still are a part of the Pine Ridge Indian Reservation and are within the geographic boundaries of such reservation."

We agree with the District Court that, in determining whether the lands in suit are still held in trust by the United States and are still restricted as to alienation, they are not to be regarded as being "upon the public domain outside of the geographic boundaries" of the Pine Ridge Indian Reservation. These allotted lands must be deemed to be among those which were not restored to the "public domain," having been specifically excepted in the Act of May 27, 1910, from the portion of the Reservation which was open to settlement. Therefore, the lands, in our opinion, continued to be and are now held in trust by the United States for the sole use and benefit of the heirs of the allottees, and are still under the control of Congress for all governmental purposes relating to the guardianship and protection of the Indians. United States v. Pelican, 232 U.S. 442, 447, 34 S.Ct. 396, 58 L.Ed. 676.

The obvious purpose of the Wheeler-Howard Act of June 18, 1934, was to protect the Indian wards of the Government from being denuded of such lands and interests in lands as then remained to them. To ascribe to Congress, because of § 468 of 25 U.S.C.A., an intent to terminate the trust period and to remove all restrictions on alienation from Indian allotments such as those in suit would be unjustified and unrealistic.

The defendants' contentions find some support in United States v. La Plant, D.C.S.D.1911, 200 F. 92, holding that the Indian title to a portion of an Indian Reservation in South Dakota had been extinguished by being opened to settlement under an Act similar to the Wheeler-Howard Act with which we are concerned. The La Plant case was a criminal case, and the question decided was one of jurisdiction over a murder committed on unallotted land which it was held had been excluded from the limits of the Reservation. The case is distinguishable from, and in any event not controlling in, the instant case. We think that the La Plant case, in so far as it is of any aid or comfort to the defendants, has been overruled by United States v. Pelican, supra, 232 U.S. 442, 447, 34 S.Ct. 396, 58 L.Ed. 676.

The judgment appealed from is affirmed.