STATE, Respondent v. DE MARRIAS, Appellant

(107 N.W.2d 255)

(File No. 9867. Opinion filed January 17, 1961)

**L. R. Gustafson,** Britton, for Defendant and Appellant.

**Frank L. Farrar,** State's Atty. for Marshall County, Britton, **Parnell J. Donohue,** Atty. Gen., **Charles Poches, Jr.,** Asst. Atty. Gen., for Plaintiff and Respondent.

BIEGELMEIER, J.   Defendant LaVern DeMarrias, an enrolled Indian, was convicted of the crime of burglary, committed September 7, 1959 on non-Indian patented land within the original exterior boundaries of the Sisseton-Wahpeton (Lake Traverse) Indian Reservation. This is the same reservation, the same treaty, the same defendant and another crime of the same character, i. e., burglary, as were involved in Application of DeMarrias, 77 S.D. 294, 91 N.W.2d

480. This appeal poses the same question passed on by the court in defendant's prior conviction.

The briefs here and record in the trial court indicate uncertainty as to the effect of three recent opinions of this court, these being DeMarrias, supra, decided July 23, 1958, State ex rel. Hollow Horn Bear v. Jameson, 77 S.D. 527, 95 N.W.2d 181, March 3, 1959, and Petition of High Pine, —S.D.—, 99 N.W.2d 38, November 2, 1959. The thought is there expressed that DeMarrias and Hollow Horn Bear may be modified by High Pine; that the citation of Kills Plenty v. United States, 8 Cir., 133 F.2d 292 in High Pine and its omission from the two earlier opinions indicates that it was not cited or then considered.

The distinction in these cases is that the DeMarrias burglary was committed on non-Indian patented land which the court there described as the "opened" part of the original reservation, not the "closed" portion. In Hollow Horn Bear, Ch. 257 of 36 Stat. 440 authorized the sale of a portion of the Pine Ridge Indian Reservation in Bennett County and permitted Indians to select allotments in the "diminished" reservation; the forgery was not committed on the diminished (or closed) reservation but on that part of the original reservation in Bennett County authorized to be, and which was, sold and conveyed by U.S. Patent to non-Indians, thus "opened". As Judge Smith noted it then "ceased to be both a part of the reservation and within Indian country." [77 S.D. 527, 95 N.W.2d 184] So in these two cases the court was dealing with crimes committed on lands inside the original, but at the time outside of the then reservation; not in the closed portion but in the open portion, as such descriptive terms were used. The court was construing the words "Indian country" used in 18 U.S.C.A. § 1152 as defined by § 1151. While the briefs in DeMarrias cited Kills Plenty there was no occasion to refer to it in the court's opinion for in that case the Court of Appeals specifically said the jurisdiction of the trial court was [133 F.2d 295] "based solely upon" § 549 of Title 18 and not on § 548, as they were then numbered. Section 549

was limited to "any Indian reservation" in South Dakota only; it was later omitted from the code—the sections have now been renumbered. An examination of the pertinent sections of Title 18 confirms the Revisor's notes thereto that the words Indian country, as defined in § 1151, were substituted in § 1153 for the words Indian reservation appearing in the earlier § 548 and § 549.

In High Pine the crime was committed in Shannon County on land that remained within the diminished or closed portion of the reservation and in Indian country as defined in § 1151. During the course of that opinion that court deemed it advisable to review the "history" of the Federal act under consideration, which included a reference to Kills Plenty, other cases and statutes for purposes of comparison and discussion. The decision did not in any way involve or affect DeMarrias or Hollow Horn Bear. Appellant suggests they should be overruled; we decline to do so. Those opinions are decisive and controlling and we adhere to them.

The judgment appealed from is affirmed.

SMITH, P. J., and RENTTO and HANSON, JJ., concur.

ROBERTS, J., concurs in result.