STATE ex rel. SWIFT, Appellant v. ERICKSON, Respondent

(141 N.W.2d 1)

(File No. 10251.   Opinion filed March 21, 1966)

**Marvin D. Keller,** of **Boyce, Murphy & McDowell,** Sioux Falls, for petitioner and appellant.

**Frank L. Farrar,** Atty. Gen., **Walter W. Andre,** Asst. Atty. Gen., Pierre, for respondent and appellee.

BIEGELMEIER, Judge.

■ Petitioner, a 13/16 Sioux Indian and a nonenrolled member of the Oglala Sioux Tribe, pled guilty to charges of robbery in the first degree and assault with a dangerous weapon in Bennett County, South Dakota. Having been sentenced thereon to serve two concurrent terms of five years each in the State Penitentiary he made application for a writ of habeas corpus. After a hearing thereon at which petitioner and appointed counsel appeared, the circuit court quashed the writ and he appeals. Petitioner's evidence was not clear exactly where the offense occurred, but the court found and the evidence supports the finding they were committed in Bennett County, South Dakota at places not within the Indian Country as that term is defined by 18 U.S.C.A. § 1151, and not on any land allotted to Indians or otherwise reserved by or under the Act of Congress of May 27, 1910. 36 Stat. 440, Ch. 257. It is undisputed the offenses were committed in Bennett County, South Dakota and while petitioner presents three questions, they are summarized by the validity of his claim that Bennett County is wholly within the Pine Ridge Indian Reservation and the courts of South Dakota have no jurisdiction over crimes committed therein.

Petitioner admits this court in State ex rel. Hollow Horn Bear v. Jameson, 1959, 77 S.D. 527, 95 N.W.2d 181, held that our state courts did have jurisdiction of such offenses, but declares this decision (and others hereafter cited) are in conflict with the holding in Putnam v. United States, 1957, 8 Cir., 248 F.2d 292. The Putnam opinion and others pertinent were cited and differentiated in Hollow Horn Bear and no useful purpose would be served by repeating the discussion or the reasoning upon which the latter decision rests. We have in later opinions adhered to the principle reached in it and do so here. Lafferty v. State, 1963, 80 S.D. 411, 125 N.W.2d 171; Wood v. Jameson, 1964, 81 S.D. 12, 130 N.W.2d 95, and State v. Barnes, 1965, 81 S.D. 511, 137 N.W.2d 683.

■ Seymour v. Superintendent of Washington State Penitentiary, 1961, 368 U.S. 351, 82 S.Ct. 424, 7 L.Ed.2d 346, is also pressed on us as in conflict with our decisions. The Seymour opinion was not overlooked but was cited, extensively quoted from and distinguished in Wood v. Jameson, supra. Different statutes were involved in the cases cited above; our opinions have consistently adhered to the principle that their intent was to "diminish" the reservations and described the resulting tracts as "open" and "closed". A similar question was presented and decided in State v. De Marrias, 79 S.D. 1, 107 N.W.2d 255, Cert. Den., 368 U.S. 844, 82 S.Ct. 72, 7 L.Ed.2d 42. For those further interested in the subject, it appears the United States Supreme Court denied certiorari of De Marrias at the same term it granted certiorari and reversed the Seymour judgment of the Washington Supreme Court. See also De Marrias v. State of South Dakota, 206 F. Supp. 549 (D.C., S.Dak.); affirmed, 8 Cir., 319 F.2d 845.

The Hollow Horn Bear opinion is decisive of this appeal. The judgment denying the writ of habeas corpus is affirmed.

All the Judges concur.