KAIN, Appellant v. WILSON, Respondent

(161 N.W.2d 704)

(File No. 10438. Opinion filed October 15, 1968)

John C. Farrar, Gunderson, Farrar & Aldrich, Rapid City, for plaintiff and appellant.

Dennis H. Hill, Costello, Porter, Hill, Banks & Nelson, Rapid City, for defendant and respondent.

HANSON, Presiding Judge.

Plaintiff, Ruben Kain, is a non-Indian owner of ranch land located in Shannon County within the exterior boundaries of the closed or diminished portion of the Pine Ridge Indian Reservation. Shannon County is unorganized and attached to Fall River County for political and judicial purposes. Defendant, Frank Wilson, is an enrolled member of the Oglala Sioux Indian Tribe. For cause of action plaintiff alleges in his complaint that defendant wrongfully entered upon plaintiff's land; grazed cattle for more than six years without plaintiff's consent; and the reasonable value of the premises wrongfully occupied and used by defendant is the sum of $5,760.00 no part of which has been paid. The trial court granted defendant's motion to dismiss the alleged cause of action for lack of jurisdiction and plaintiff appeals.

Service of process was made on defendant by leaving copies of the summons and complaint with defendant's wife at a dwelling house in Hot Springs which is located in Fall River County outside the boundaries of the Pine Ridge Indian Reservation. It is suggested that the house in Hot Springs was not defendant's dwelling as he resided on a ranch in Shannon County at the time substituted service of process was made. However, for the purpose of considering the motion to dismiss we may assume the trial court acquired jurisdiction over the person of the defendant by the substituted service of process. The critical question remains as to whether or not the court has jurisdiction to hear and determine the alleged cause of action for wrongful use and possession of real property situated within the closed portion of an Indian Reservation by a tribal Indian defendant.

Plaintiff concedes state courts have no jurisdiction over causes of action arising on federally owned land and land held in trust by the United States in Shannon County. However, he contends state courts have jurisdiction over the alleged cause of action as patents have been issued to the land in question and title thereto is vested in a non-Indian. This contention overlooks the distinction between the "open" and "closed" portions of an Indian Reservation and the further important jurisdictional fact that defendant is a tribal Indian.

Shannon, Washabaugh, and Bennett Counties are all located within the original exterior boundaries of the Pine Ridge Indian Reservation as designated by the Congressional Act of April 30, 1888, Ch. 206, 25 Stat. 94, and Act of March 2, 1889, Ch. 405, 25 Stat. 888. In 1910 unallotted and unreserved lands in the Pine Ridge Reservation located in Bennett County were opened to settlement by non-Indians under the general homestead and townsite laws. Act of May 27, 1910, Ch. 257, 36 Stat. 440. The remaining "closed" or "diminished" portion of the Reservation includes Shannon County in its entirety.

So far as pertinent the term "Indian Country" for criminal jurisdictional purposes is defined in 18 U.S.C.A. § 1151 as follows: "* * * (a) all land within the limits of any Indian reservation under the jurisdiction of the United States government, notwithstanding the issuance of any patent, and, including rights-of-way running through the reservation * * * and (c) all Indian allotments, the Indian titles to which have not been extinguished, including rights-of-way running through the same." To avoid "an impractical pattern of checkerboard jurisdiction" the United States Supreme Court interpreted subsection (a) of § 1151 to apply to the closed portions of Indian Reservations, Seymour v. Superintendent, 368 U.S. 351, 82 S.Ct. 424, 7 L.Ed.2d 346. Likewise, our court has held in numerous cases that the "closed" portion of an Indian Reservation constitutes "Indian Country" in which our state courts have no jurisdiction over crimes committed by tribal Indians. Application of De Marrias, 77 S.D. 294, 91 N.W.2d 480; State ex rel. Hollow Horn Bear v. Jameson, 77 S.D. 527, 95 N.W.2d 181, in which the court said "it seems logical to believe that the Congress intended subsection (a) [of 18 U.S.C.A. § 1151] to apply to the closed area of reservations, and (c) to apply to allotted lands in open territory"; In Re High Pine's Petition, 78 S.D. 121, 99 N.W.2d 38; State v. De Marrias, 79 S.D. 1, 107 N.W.2d 255, cert. den., 368 U.S. 844, 82 S.Ct. 72, 7 L.Ed.2d 42; Lafferty v. State, 80 S.D. 411, 125 N.W.2d 171; In re Hankins' Petition, 80 S.D. 435, 125 N.W.2d 839; Wood v. Jameson, 81 S.D. 12, 130 N.W.2d 95; State v. Barnes, 81 S.D. 511, 137 N.W.2d 683; and State ex rel. Swift v. Erickson, 82 S.D. 60, 141 N.W.2d 1.

■ In Smith v. Temple, 82 S.D. 650, 152 N.W.2d 547, this court concluded that criminal and civil jurisdiction over Indians in Indian Country were coincidental and our courts have no jurisdiction over a civil cause of action arising within the closed portion of an Indian Reservation involving a tribal Indian defendant. This conclusion applies to the present action despite the fact that the non-Indian plaintiff owns fee title to the land. His recourse for the alleged damages and injuries resulting from the wrongful use and possession of land located in Indian Country by a tribal Indian defendant is in tribal court or under the claims provision of 25 U.S.C.A. § 229.

The cases of Lebo v. Griffith, 42 S.D. 198, 173 N.W. 840 and O'Neal v. Diamond A. Cattle Co., 63 S.D. 481, 260 N.W. 836, cited by plaintiff, are in harmony with our opinion in the present action. Both cases involve non-Indian defendants. In the Lebo case our court sustained the right of a county to collect delinquent personal property taxes against a non-Indian owner of property located in Indian Country. Cf. Pourier v. Board of County Com'rs of Shannon Co., 83 S.D. 235, 157 N.W.2d 532, for opposite result in action to collect personal property tax on cattle in Indian Country owned by tribal Indians. In the Diamond A case which involved non-Indian parties our court dismissed an alleged cause of action for trespass upon Indian land in Indian Country because our state court lacked jurisdiction over the subject matter.

■ In the landmark case of Williams v. Lee, 358 U.S. 217, 79 S.Ct. 269, 3 L.Ed.2d 251, the United States Supreme Court held that the Arizona state court had no jurisdiction to hear and determine a civil action brought by a non-Indian against an Indian for a cause of action arising out of a commercial transaction on the Reservation. In doing so the court recognized the sovereign status of Indian tribes and said "There can be no doubt that to allow the exercise of state jurisdiction here would undermine the authority of the tribal courts over Reservation affairs and hence would infringe on the right of the Indians to govern themselves." The court indicated state jurisdiction could only apply in cases "where essential tribal rela-

tions were not involved and where the rights of Indians would not be jeopardized." The jurisdictional test is whether or not state action infringes "on the right of reservation Indians to make their own laws and be ruled by them."

 Accordingly, the conclusion is inescapable that our state courts have no jurisdiction to hear and determine a civil action for the alleged wrongful use and possession of land located in Indian Country by a tribal Indian defendant. To impose state law and state jurisdiction in this controversy would infringe upon the Pine Ridge Reservation Indians' right and power to make their own laws and be governed by them. Littell v. Nakai, 9th Cir., 344 F.2d 486.

Affirmed.

All the Judges concur.