No. 12135

IN THE SUPREME COURT OF THE STATE OF MONTANA

1972

---

IN THE MATTER OF DECLARING MERLE EARLWIN
CANTRELL (also known as Merle Earlwin Savior)
A DEPENDENT AND NEGLECTED CHILD.

---

Appeal from:   District Court of the Seventeenth Judicial District,
               Honorable Thomas Dignan, Judge presiding.

Counsel of Record:

    For Appellant:

        Robert L. LaRoche argued, Wolf Point, Montana.

    For Respondent:

        Hon. Robert L. Woodahl, Attorney General, Helena,
         Montana.
        Gordon White, County Attorney, Glasgow, Montana.
        Thomas Mahan argued, Helena, Montana.

---

                          Submitted:  March 13, 1972

                          Decided: MAR 2 1 1972

Filed: MAR 2 1 1972

Thomas J. Kearney
                                   Clerk

Mr. Justice Wesley Castles delivered the Opinion of the Court.

This is an appeal from an order dated May 21, 1971, by the district court of the seventeenth judicial district, Valley County, the Hon. Thomas Dignan, presiding. The appellant is a 22 year old unwed mother of an illegitimate child.

The order appealed from reads:

"This matter coming on to be heard January 25, 1971, upon the petition of Joseph H. Roe, the duly appointed, qualified, and acting Director of the Division of Child Welfare Services of the Department of Public Welfare of the State of Montana, for and on behalf of the above named child, at which time there appeared in Court Marveen Savior, mother of said child, with Robert LaRoche, her counsel, and Wayne James Cantrell, father of said child, to show cause, if any they had, why the said Merle Earlwin Cantrell (also known as Merle Earlwin Savior) should not be declared a dependent and neglected child, and awarded to the care, custody, and control of the Division of Child Welfare Services of the Department of Public Welfare of the State of Montana, as prayed for in said petition;

"Whereupon, witnesses were duly sworn and examined on behalf of the petitioner, and testimony being given by the parents of said child, the Court took said matter under advisement, and continued said matter from time to time to determine whether said Marveen Savior, mother of said child, could make arrangements for a suitable home and adequate care and supervision of said child; and upon a further hearing of said matter before the Court on May 21, 1971, additional testimony was offered in behalf of the Petitioner, and the Court being advised in the premises and upon due proof finds:

"That the said Merle Earlwin Cantrell (also known as Merle Earlwin Savior) is a minor child, who was born January 26, 1969, at Poplar, Montana, and is a dependent and neglected child within the meaning of Section 10-501, Revised Codes of Montana, 1947, and he is a child of the said Marveen Savior and Wayne James Cantrell, and that his best interests will be served by declaring him to be a dependent and neglected child under the laws of the State of Montana and awarding him to the care, custody, and control of the Division of Child Welfare Services of the Department of Public Welfare of the State of Montana, and the Director or any worker thereof, with lawful authority to appear in Court and consent to his adoption.

"WHEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED,
that the said Merle Earlwin Cantrell (also known as
Merle Earlwin Savior) is a dependent and neglected
child and that he be and he is hereby awarded to the
care, custody, and control of the Division of the
Child Welfare Services of the Department of Public
Welfare of the State of Montana, or the director or
any worker thereof;

"IT IS FURTHER ORDERED, that the said Director
or any worker of the said Division of Child Welfare
Services of the Department of Public Welfare of the
State of Montana is hereby authorized to appear in
any court where adoption proceedings are pending,
and assent to the adoption of the said Merle Earlwin
Cantrell (also known as Merle Earlwin Savior)."

The foregoing order of May 21, 1971, recites some of

the facts and particularly refers to the period from January

25, 1971, to May 21, 1971, during which time a further deter-

mination of arrangements for care by the mother was examined.

At the hearing on May 21, 1971, the mother did not appear in

court, although she had notice.  Her counsel did appear.

A year previous, on May 18, 1970, the same court made an

order for temporary custody which recited:

"It appearing to the Court that Merle Earlwin
Savior, a male child born January 26, 1969, at
Poplar, Montana, is a dependent and neglected
child within the meaning of the Revised Codes of
Montana, 1947, in that the child was found wandering
around on the Burlington Northern Empire Builder
west bound train at Glasgow, Valley County, Montana,
on May 18, 1970, without any supervision or care, and
that said child was then and there suffering from
neglect by the putative father, Wayne James Cantrell,
in that said Wayne James Cantrell was in a drunken
stupor; that in consequence whereof, the Department
of Public Welfare of Valley County, Montana, was
called to assume the care and control of said minor
child; that said child has a very serious cleft
palate, and is suffering from a slight cold; that the
mother of said child, whose given name is unknown, but
whose surname is believed to be Savior (or Xavier) and
is believed to reside at Wolf Point, Montana; that by
reason of neglect, abuse, and inability on the part of
the child's parents to care properly and adequately
for the said child as to warrant the Department of Public
Welfare of Valley County, Montana, in the interest of
the said child, to assume immediate temporary care, cus-
tody, and control of the said minor child, and it further

- 3 -

appearing to the Court that a petition to declare
said child dependent and neglected within the meaning
of Section 10-501, R.C.M., may be filed shortly herein
and that the Court deems it to be in the best interest
of said child that the Department of Public Welfare of
Valley County, Montana, take immediate temporary care,
and custody of said child pending the hearing as pro-
vided by law;

"NOW, THEREFORE, IT IS ORDERED that immediate
temporary care and custody of said child be given to
the Department of Public Welfare, Valley County, Montana,
until the further order of the Court."

On that same day, May 18, 1970, Wayne James Cantrell, the

putative father was charged in justice court in Valley County

with willful neglect of a minor child, a misdemeanor. On May

19, 1970, Cantrell pleaded guilty and received a suspended sen-

tence.

The child was found abandoned and helpless in Valley

County, not on an Indian reservation. Section 10-503, R.C.M.

1947, provides for procedure in this situation.

The child had been placed by its mother in the care of

a babysitter on May 15, 1970. Prior to the mother's return,

the putative father took the child. Some three days later, on

May 18, 1970, the father took the child from the reservation with

the intention of going to Idaho by train. The journey was short-

lived. The Valley County Welfare Department took the child from

its helpless position with its intoxicated father and placed it

in a foster home.

Prior to these events, in 1969, the same child had been

taken from the mother's custody by order of the Tribal Court of

the Fort Peck Indian Reservation on the grounds of parental neg-

lect, and sometime in early 1970, had been returned to its mother.

In the period of time from May 1970, to January 1971, and

on to May 1971, the mother made almost no effort to retrieve, if

- 4 -

we may use that term, her child.  In this time, she did ask for the child but had no home to take him to.  The child needed and received corrective surgery for cleft palate, arranged for by the Welfare Department.  In late October 1970, the mother wrote to the Valley County authorities to this effect: "* * *'I was supposed to have gotten in touch with the Welfare Department in Glasgow soon after he was taken from Wayne J. Cantrell.  I failed to do so.'"

From a rather dismal record of arrests, living with men unmarried, and general inattention, the mother continued her way of living on the reservation while the child was being cared for off the reservation.

Appellant here bases her appeal on what she calls the "fact" that there is no evidence of acts of neglect attributable to her occurring outside the exterior boundaries of the reservation.  Thus, she reasons, the state courts have no jurisdiction under the rationale of Williams v. Lee, 358 U.S. 217, 79 S.Ct.269, 3 L ed 2d 251; Kennerly v. District Court of Montana, 400 U.S. 423, 91 S.Ct. 480, 27 L ed 2d 507; and, Crow Tribe of Indians v. Deernose, _____Mont._____, 487 P.2d 1133, 28 St.Rep. 754.

However, the "fact" of neglect, that of abandonment of a helpless infant, occurred off the reservation and continued for over a year off the reservation.  The mother's only effort, to all practical purposes, was to remain in the sanctuary of the reservation, oblivious to the needs of her child.  This fact alone removes the case from the heretofore cited Indian jurisdiction cases.

The district court ruled that it had jurisdiction because the child was physically in the county and off the reservation when the petition was filed.  That is the sole issue here.

Section 10-516, R.C.M. 1947, states in part:

"This act shall be liberally construed, to
the end that its purposes may be carried out,
to-wit: That proper guardianship may be provided
for in order that the child may be educated and
cared for * * *."

Section 10-503, R.C.M. 1947, states in part:

"Any officer of the state bureau of child and
animal protection * * * having knowledge of a
child in his county who appears to be a dependent
or neglected child, may file with the clerk of
the district court a petition * * *."

That is exactly the procedure in this case, and the district

court had jurisdiction over this child.

Accordingly, finding no error, the order of the district

court is affirmed.

_Wesley Castles_
Associate Justice

We Concur:

_James T. Harrison_
Chief Justice

_John Conway Harrison_

_Gene B. Daly_

_Frank I. Haswell_
Associate Justices.